UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:22-cv-00636-JVS (JDEx) | Date | May 27, 2022 |
| Title | Josef Louis Bootow v. Costco Wholesale Corporation et al. | | |

Present: The Honorable   **James V. Selna, U.S. District Court Judge**

| Lisa Bredahl | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |

Attorneys Present for Plaintiffs:    Attorneys Present for Defendants:

Not Present    Not Present

**Proceedings:**  **[IN CHAMBERS] Order Regarding Motion to Remand**

On October 28, 2021, Plaintiff Joseph Louis Bootow filed suit in the Superior Court of California in the County of Orange, alleging state law claims against Defendants Costco Wholesale Corporation ("Costco") and Bruce Finn ("Finn"). Notice of Removal, Ex. A, Dkt. No. 1. Costco filed a notice of removal on March 30, 2022. Notice of Removal. Plaintiff moved to remand on May 2, 2022. Mot., Dkt. No. 17.[1] Costco opposed. Opp'n, Dkt. No. 19.

The Court **VACATES** the June 6, 2022, hearing. The Court finds that oral argument would not be helpful in this matter. Fed R. Civ. P. 78; L.R. 7-15.

For the following reasons, the Court **DENIES** the motion to remand.

**I. BACKGROUND**

On October 28, 2021, Bootow filed suit in the Superior Court of California in the County of Orange, alleging state law claims against defendants Costco and Finn. Notice of Removal, Ex. A. Plaintiff alleges that on July 11, 2020, he was shopping at a Costco location that was "supervised, managed, or otherwise controlled by Defendant Finn" when he slipped and fell on a substance on the ground of the store. Mot. at 1; Notice of Removal, Ex. A. Plaintiff alleges suffering serious injuries and claimed damages in the

---

[1] Plaintiff filed a memorandum of points and authorities on April 29, 2022, which the Court will refer to as the motion to remand. Mot., Dkt. No. 17. The actual notice and motion to remand was filed on May 2, 2022. Dkt. No. 18.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:22-cv-00636-JVS (JDEx) | Date | May 27, 2022 |
| Title | Josef Louis Bootow v. Costco Wholesale Corporation et al. | | |

amount of $3.75 million.  Id.; Notice of Removal, Ex. B.

Bootow is a citizen of the state of California.  Notice of Removal at 2.  Costco is a Washington corporation with its principal place of business and headquarters in Washington.[2]  Id. at 2.  Bootow also names as defendant Finn, who Bootow contends "was charged with ensuring that the premises was free from the type of dangerous condition which led to Plaintiff's injuries."  Mot. at 1.  Finn is a California resident.  Id.

On March 30, 2022, Costco filed a notice of removal of the action on grounds of diversity jurisdiction.  Notice of Removal.  Costco alleges that there is complete diversity notwithstanding the fact that Plaintiff and Finn are both California residents, contending that "Finn appears to have been named to create a fraudulent joinder."  Id. at 2.

## II.  Legal Standard

Under 28 U.S.C. § 1441(a), a defendant may remove a civil action from state court to federal court so long as original jurisdiction would lie in the court to which the action is removed.  City of Chicago v. Int'l Coll. of Surgeons, 522 U.S. 156, 163 (1997).  Under 28 U.S.C. § 1332, a district court has diversity jurisdiction, and thus original jurisdiction of a civil action, where the matter in controversy (1) exceeds the sum or value of $75,000, exclusive of interest and costs,and (2) the dispute is between diverse citizens, namely "citizens of different states."  28 U.S.C. § 1332.  Section 1332 requires complete diversity, i.e., that "the citizenship of each plaintiff is diverse from the citizenship of each defendant."  Caterpillar Inc. v. Lewis, 519 U.S. 61, 67–68 (1996).

Section 1441 further provides: "In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded."  28 U.S.C. § 1441(b)(1). The Ninth Circuit has held that the citizenship of such "fictitious defendants," also called "Doe defendants," is "disregarded for removal purposes and becomes relevant only if and when the plaintiff seeks leave to substitute a named defendant."  Soliman v. Philip Morris Inc., 311 F.3d 966, 971 (9th Cir. 2002).

---

[2] Defendant mistakenly calls itself a "California corporation" in its Notice of Removal, but corrects itself in its opposition to Plaintiff's motion to remand.  See Opp'n at 3.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:22-cv-00636-JVS (JDEx) | Date | May 27, 2022 |
| Title | Josef Louis Bootow v. Costco Wholesale Corporation et al. | | |

According to the Ninth Circuit, courts should "strictly construe the removal statute against removal jurisdiction." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). Doubts as to removability should be resolved in favor of remanding the case to the state court. Id. This "'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." Id. (quoting Nishimoto v. Federman-Bachrach & Assocs., 903 F.2d 709, 712 n.3 (9th Cir. 1990)).

### III. DISCUSSION

Plaintiff seeks remand, arguing that the case lacks complete diversity because Bootow, the plaintiff, and Finn, a named defendant, are both California residents. Mot. Costco asserts that removal was proper because Plaintiff joined Finn as a defendant in order to defeat diversity through fraudulent joinder. Opp'n at 3. Costco asserts that Finn was not involved in the subject incident. In fact, Costco asserts that Finn was not even employed by Costco on the day of the incident. Id. In support, Costco presents a declaration by Costco's Director of Personnel in the Human Resources department which states that Finn was employed by Costco from April 1, 1991 through June 14, 2019. Opp'n, Decl. of Kristina Jung ("Jung Decl.") at 11. The incident took place in July 2020. Finn worked specifically at the Yorba Linda warehouse, where the accident allegedly occurred, from 2003 to 2007. Jung Decl. at 11. In short, Finn was no longer employed by Costco at all on the date of Bootow's accident, and had not worked at the location of the incident for many years. Id.

Non-diverse parties may be dismissed if they were fraudulently joined or are "sham defendants." Hamilton Materials, Inc. v. Dow Chem. Corp., 494 F.3d 1203, 1206 (9th Cir. 2007). Fraudulent joinder must be proven by clear and convincing evidence. Id. The joinder of the resident defendant is fraudulent if the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state. McCabe v. Gen. Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987).

Plaintiff argues that he is entitled to his joinder of Finn as a defendant if Plaintiff states a claim against Finn, when viewing Plaintiff's allegations in the light most favorable to him. Mot. at 3. Accordingly, Plaintiff argues that because the complaint alleges Finn's involvement in the incident, removal on grounds of fraudulent joinder was improper.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  8:22-cv-00636-JVS (JDEx)   Date  May 27, 2022

Title  Josef Louis Bootow v. Costco Wholesale Corporation et al.

However, Costco "is entitled to present the facts showing the joinder to be fraudulent." Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001). Here, Costco presented evidence that Finn was not employed by Costco at the time of the incident and had not been for months, if not years. Plaintiff's failure to identify Finn as an employee of Costco is fatal to Plaintiff's claims against Finn because there is no other basis for Finn owing a duty of care towards Plaintiff. See Carlsen v. Koivumaki, 227 Cal. App. 4th 879, 893 (2014) ("As a rule, one has no duty to come to the aid of another."). Accordingly, "there is no possibility that the plaintiff will be able to establish a cause of action in State court against the alleged sham defendant." Good v. Prudential Ins. Co. of America, 5 F.Supp. 2d 804, 807 (N.D. Cal. 1998). Costco has shown fraudulent joinder by clear and convincing evidence. See McCabe, 811 F.2d at 1339.

Plaintiff does not refute this evidence. The Court notes that Costco established that removal was proper because absent Finn, there is complete diversity between the parties and the amount in controversy exceeds $75,000. Notice of Removal. Accordingly, the Court has jurisdiction over this action pursuant to 28 U.S.C. sections 1332 and 1441.

### IV. CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiff's motion to remand.

**IT IS SO ORDERED.**

: 0

Initials of Preparer   lmb